# United States Court of Appeals for the Fifth Circuit

## 16-10639

**UNITED STATES OF AMERICA,**
*Plaintiff-Appellee*,

**v.**

**VICTOR HUGO MARROQUIN**,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
Dallas Division

**Appellant's Initial Brief**
**pursuant to** *Anders v. California*, **386 U.S. 738 (1967)**

**Jason D. Hawkins**
Federal Public Defender
Northern District of Texas

**Jerry V. Beard**
Assistant Federal Public Defender
Northern District of Texas
525 Griffin Street, Suite 629
Dallas, Texas 75202
(214) 767-2746
(214) 767-2886  Fax
jerry_beard@fd.org

## Certificate of Interested Persons

The number and style of the case in the court below is as follows - *United States of America v. Victor Hugo Marroquin*, cause number 3:15-mj-00598-BF, in the United States District Court for the Northern District of Texas, Dallas Division.

I certify that the following people have an interest in this case. I do this so the Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| **Federal District Judge:** | Hon. Sydney A. Fitzwater |
| **Appellant:** | Victor Hugo Marroquin |
| **Federal Public Defender for the Northern District of Texas:** | Jason D. Hawkins |
| **Assistant Federal Public Defender:** | Jerry V. Beard (appeal) |
| **Appointed or Retained Counsel:** | Gregory L. Ahlgren (appeal) Jeffrey David Boncek (district court) |
| **Acting United States Attorney for the Northern District of Texas:** | John Parker |
| **Assistant U.S. Attorneys for the Northern District of Texas:** | J. Wesley Hendrix (appeal) Suzanna O. Etessam (district court) |

/s/ Jerry V. Beard
**JERRY V. BEARD**
Assistant Federal Defender

## Statement Regarding Oral Argument

I do not request argument. I have moved to withdraw and have filed this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). After careful study of the record and the applicable law, I submit my good faith belief and professional opinion that this case presents no nonfrivolous basis for appeal.

**Table of Contents**

Page

Certificate of Interested Persons. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement Regarding Oral Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues Presented for Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Argument.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Issues

I      The district court properly complied with Federal Rule of Criminal Procedure 11 and the United States Constitution at Appellant's rearraignment... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

II.    Appellant's waiver of appeal bars the appeal of this conviction. The waiver's enumerated exceptions do not apply.. . . . . . . . . . . . . . . . . . . . . 13

III.   Appellant's post-sentencing letter to the district court does not defeat the district court's in-depth Rule 11 inquiry into the appeal waiver.. . . . 17

IV.   The record does not support a claim that the sentence imposed was substantively unreasonable.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anders v. California*, 386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii, 8, 15

*Boykin v. Alabama*, 395 U.S. 238 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Hill v. Lockhart*, 474 U.S. 52 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Massaro v. United States*, 538 U.S. 500 (2003). . . . . . . . . . . . . . . . . . . . . . . . . . 14

*McCarthy v. United States*, 394 U.S. 459 (1969). . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Adams*, 961 F.2d 505 (5th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Dayton*, 604 F.2d 931 (5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . 10

*United States v. Higdon*, 832 F.2d 312 (5th Cir. 1987). . . . . . . . . . . . . . . . . . . . . 14

*United States v. Reyes*, 300 F.3d 555 (5th Cir.2002). . . . . . . . . . . . . . . . . . . . . 11, 12

*United States v. Scott*,
    987 F.2d 261 (5th Cir. 1993), *cert. denied*, 516 U.S. 902 (1995). . . . . . . . . . . . . 8

*United States v. Vonn*, 535 U.S. 55 (2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

18 U.S.C. § 1470. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. 2252A(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. 2255. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**RULES**

Fed. R. App. P. 4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Crim. P. 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10, 11

Fed. R. Crim. P. 11(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Crim. P. 11(b)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Crim. P. 11(c)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Crim. P. 11(c)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Fed. R. Crim. P. 11(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Crim. P. 32. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## Statement of Jurisdiction

The district court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231.  The jurisdiction of this Court is invoked  pursuant  to 28 U.S.C. § 1291, as this is an appeal from a final judgment entered by the United States District Court for the Northern District of Texas.  Jurisdiction is also invoked pursuant to 18 U.S.C. § 3742.

Written judgment was entered by the district court on May 6, 2016.  A notice of appeal was filed on May 17, 2017, and in accordance with FED. R. APP. P. 4, is considered timely filed.

**Statement of the Issues Presented for Review**

**I**

The district court properly complied with Federal Rule of Criminal Procedure 11 and the United States Constitution at Appellant's rearraignment.

**II**

Appellant's waiver of appeal, bars the appeal of this conviction. The enumerated exceptions to the waiver do not apply.

**III**

Appellant's post-sentencing letter to the district court does not defeat the district court's in-depth Rule 11 inquiry into the appeal waiver.

**IV**

The record does not support a claim that the sentence imposed was substantively unreasonable.

<u>**STATEMENT OF THE CASE: FACTS AND PROCEEDINGS**</u>

This is a criminal case on direct appeal.

On September 30, 2015, the Government unsealed an indictment against Appellant (and others). (ROA.4). On November 13, 2015, Appellant entered into a plea agreement in which he pleaded guilty to the Government's superceding Information charging Conspiracy to Possess and Distribute Methamphetamine, in violation of 21 U.S.C. § 846, 841(a0(1) and (b)(1)(C). (ROA.140-146) Appellant's written Factual Resume admitted the following facts to support the plea:

> Beginning sometime in 2014, the exact date being unknown, and continuing to on or about September I, 2015, in the Dallas Division of the Northern District of Texas and elsewhere, defendant, Victor Hugo Marroquin, knowingly and intentionally combined, conspired, confederated and agreed with Juan Carlos Andrade-Figueroa, Brian Estrella, Iran Gonzalez, Emilio Moran-Rodriguez, Sergio Aaron Ruiz-Tapia, and others known and unknown to possess with the intent to distribute a substance and mixture containing a detectable amount of methamphetamine, a Schedule II controlled substance.

> In early July 2015, a Dallas Drug Enforcement Administration (DEA) confidential source (CS) spoke to a Mexico-based drug trafficker about purchasing methamphetamine in Dallas, Texas. The Mexican drug trafficker told the CS to meet Iran Gonzalez in Dallas, Texas. Iran Gonzalez worked for the Mexican drug trafficker converting liquid methamphetamine to crystal methamphetamine. On July 13, 2015, the CS spoke to Iran Gonzalez about purchasing two kilograms of methamphetamine. On July 14, 2015, Iran Gonzalez met the CS and showed the CS two kilograms of methamphetamine. The CS declined to accept the methamphetamine saying the quality was poor. After the CS declined to accept the methamphetamine, DEA agents

followed Gonzalez to an apartment complex on Shady Grove Road in Irving, Texas.

Then, on August 25, 2015, agents obtained an arrest warrant for Iran Gonzalez and a search warrant for his apartment in Dallas, Texas. On August 26, 2015, the CS called the Mexican drug trafficker and asked for three kilograms of methamphetamine. The Mexico-based drug trafficker agreed and sent Iran Gonzalez with the three kilograms. After Gonzalez left the apartment with three kilograms of methamphetamine, DEA agents executed the search warrant at Gonzalez's apartment. While agents were searching Gonzalez's apartment, the defendant, Victor Hugo Marroquin, arrived and knocked on the door. Agents detained Marroquin and found that he had a key to Gonzalez's apartment. Inside Gonzalez's apartment, agents found a methamphetamine recrystallization laboratory. Agents also found one pound of heroin, one pound of cocaine, and approximately 32 pounds of methamphetamine.

Agents advised Marroquin of his Miranda rights. He waived those rights and agreed to speak to agents. Marroquin told the agents that he lived at the apartments on Shady Grove Road in Irving, Texas, and he consented to the apartment's search. Agents then accompanied Marroquin to his apartment, and he opened the door. Inside, agents found approximately eight kilograms of methamphetamine and drug paraphernalia.

Marroquin agrees that he committed the essential elements of the offense. This statement is limited to showing a factual basis for Marroquin's guilty plea and is not a complete account of the facts in this case.

(ROA.40-41).

Appellant's plea agreement also contained an appeal waiver, by which Appellant essentially bargained away his rights to appeal save for a few enumerated exceptions:

**12. Waiver of right to appeal or otherwise challenge sentence:** Marroquin waives his rights, conferred by 28 U.S.C. § 1291and18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Marroquin reserves the right (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(ROA.145)

Following Appellant's guilty plea, the probation office prepared a Pre-sentence Report (PSR). (ROA.151 *et. seq.*) Applying U.S.S.G. § 2D1.1(c)(1), the PSR concluded that Appellant's base offense level was a level 38; that an Importation 2-level enhancement was appropriate because the methamphetamine was from Mexico; and that a 2-level Drug premises enhancement also applied to the case. (ROA.159-160)

After receiving a three-level reduction for acceptance of responsibility, the probation officer calculated Appellant's total offense level at Level 39 (ROA.159-160) Appellant had no criminal history thus his resulting criminal history category (CHC) was a Category I .(ROA.164), which resulted in an advisory imprisonment range of 262-327 months. (ROA.164). But, because his offense's statutory maximum is 20 years, his guideline sentence became 240 months. (ROA.164)

In advance of sentencing, Appellant's trial counsel objected to the PSR on the basis that: (1) the Importation enhancement's application would violate fundamental fairness; and (2) Appellant never maintained a "drug premises. " (ROA.168). At sentencing, trial counsel also argued for a drastic downward variance from the advisory 240-month guideline sentence, (ROA.114), because such a sentence is "just not just," (ROA.115).

On May 6, 2016, the district court conducted sentencing. (ROA.102) The court denied the two  PSR objections, (ROA. 106-107), declined to vary downwards, and instead sentenced Appellant to 240 months imprisonment and three years supervised release. (ROA.120)

On May 27, 2016, the district clerk received Appellant's Spanish-language letter in which Appellant requested appointment of appellate counsel; expressed his view that 20 years was an unjust sentence; and stated that he did not understand from his trial attorney that his plea agreement gave up his right to appeal. (ROA.58). In response, the district court and United States magistrate Judge appointed Appellant new appellate counsel. (ROA.65-66)

Subsequently, trial counsel did file an Initial Brief in the case. In it, former counsel argued that: (1) Appellant's post-sentencing letter to the court–in which Appellant claimed not to have understood the ramifications of his plea agreement's appeal waiver clause–defeated the enforcement of that waiver provision; and (2)

Appellant's sentence was substantively unreasonable. (*See* PACER Docket Entry No. 18, Initial Brief at pp 11-13).

For reasons that are outside the confines of this brief–and not known by Counsel in any event–on October 21, 2016, the Court appointed the Federal Public Defender to this case. The Court has asked the FPD to respond to the Government's Motion to Dismiss and to file whatever briefs, if any, that the FPD deems appropriate.

This appeal follows.

## Summary of the Argument

The district court complied with FED. R. CRIM. P. 11 and the Constitution in taking Appellant's guilty plea by advising him of his rights, by assuring that his plea was knowing and voluntary (by, inter alia, accurately informing him of the full range of punishment to which he was exposed), and by assuring that there was an adequate factual basis for his plea. Furthermore, the court specifically questioned Appellant regarding the inclusion of an appeal waiver provision in the plea agreement. Accordingly, because the record indicates that Appellant's plea was knowingly, understandingly, and voluntarily made, and was factually supported, there is no basis for reversal of his conviction.

Furthermore, the efficacy of the Appellant's written appeal waiver and its effect in this case *are beyond assail in this proceeding.* The record demonstrates that the district court used an interpreter to question Appellant during the Rule 11 colloquy. (ROA.80) Further, during its discussions with Appellant about the effect of the appeal waiver itself, the district court made express findings as to Appellant and Appellant's trial counsel's appreciation of the appeal waiver and its ramifications. Nothing on the record before or during the Rule 11 colloquy or before or during sentencing evinced any hint of involuntariness by which to suggest that the district court reversibly erred when taking Appellant's plea and concluding that Appellant knowingly and voluntarily understood the effects of the waiver.

Likewise, there is no procedural basis for reversal of sentence. The district court complied with FED. R. CRIM. P. 32 at sentencing. The presentence report was disclosed to Appellant and counsel; they had an opportunity to review these before sentencing. Appellant was given an opportunity to address the court, both personally and through counsel, prior to sentencing. Finally, the district court advised her of his right to appeal. Therefore, there was no procedural error in the sentencing.

Nor is there a basis for an argument that the sentence was substantively unreasonable. To be sure, trial counsel argued, in sum, that the nation's drug laws are woefully and unnecessarily severe--(Appellate counsel agrees)–and that the district court should consequently vary downwards. But the district court responded in-depth to trial counsel's arguments when explaining its within-guidelines sentence and counsel did not object to the sentence imposed. Even absent the appeal waiver provision and an objection to the sentence imposed, Counsel cannot perceive a non-frivolous basis by which to appeal the sentence.

Because counsel can discern no legally nonfrivolous issues for appeal, counsel is duty-bound to move for the Court's permission to withdraw from further representation of Appellant pursuant to *Anders v. California*.[1]

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

**Argument**

**Issue I**

**The district court properly complied with Federal Rule of Criminal Procedure 11 and the Constitution at Appellant's rearraignment.**

**Standard of Review**

Whether the requirements of Federal Rule of Criminal Procedure 11 were satisfied is a conclusion of law and is therefore reviewable de novo.[2] A district court's finding that there is an adequate factual basis for a plea of guilty, as required by FED. R. CRIM. P. 11(f), is reviewed under the clearly erroneous standard.[3] Likewise, a district "court's acceptance of the plea [is regarded] as a positive finding on each [of the subjects of inquiry required by Rule 11], reviewable under the clearly erroneous standard."

**Argument**

---

[2] *United States v. Scott*, 987 F.2d 261, 264 (5th Cir. 1993), *cert. denied*, 516 U.S. 902 (1995).

[3] *United States v. Adams*, 961 F.2d 505, 509 (5th Cir. 1992) (citation omitted).

In light of the Court's pronouncement in the *Anders* Case Guidelines,[4] I will use the outline as requested by the Court.

| I. Advising and Questioning the Defendant - FED. R. CRIM. P. 11(b)(1) | |
|---|---|
| **(A)** risk of perjury | **82** |
| **(B)** right to plead not guilty or persist in not-guilty plea | **89** |
| **(C)** right to jury trial | **89** |
| **(D)** right to counsel at trial and every other stage | **89** |
| **(E)** certain specific rights at trial | **89-91** |
| **(F)** defendant's waiver of trial rights | **90** |
| **(G)** nature of the charge | **83** |
| **(H)** maximum possible penalty | **91** |
| **(I)** mandatory minimum penalty | **n/a** |
| **(J)** any applicable forfeiture | **91** |
| **(K)** court's authority to order restitution | **91** |
| **(L)** court's obligation to impose a special assessment | **91** |
| **(M)** court's obligation to calculate guidelines range and consider that range, possible departures, and other 18 U.S.C. § 3553(a) factors | **92-94** |
| **(N)** terms of waiver of right to appeal or collaterally attack sentence | **95** |
| **II. Voluntariness of Plea - Rule 11(b)(2)** | **98** |
| **III. Plea's Factual Basis - Rule 11(b)(3)** | **96-98** |
| **IV. Judicial Consideration of Plea Agreement - Rule 11(c)(3)** | **n/a** |

---

[4] http://www.ca5.uscourts.gov/clerk/AndersChecklist.pdf

| | |
|---|---|
| (advisory to defendant if plea agreement is of specified type) | |
| **V. Accepting Plea Agreement - Rule 11(c)(4)** (informing the defendant that, to the extent agreement is of specified type, the agreed disposition will be in the judgment) | **n/a** |
| **VI. Enforcing Plea Agreement** (Government's compliance with plea agreement, defense counsel's certification whether government intends to enforce appeal waiver, and validity of appeal waiver) | **Gov't has filed Motion to Dismiss Appeal-- appeal waiver** |

In sum, the district court followed the overwhelming number of Rule 11's requirements. Moreover, acceptance of the plea of guilty is deemed a positive finding that the accused has pleaded guilty "voluntarily, understandingly and with knowledge of the consequences of his plea . . . ."[5] Thus, Appellants's re-arraignment complied with Rule 11 and the United States Constitution.[6] Because there was no error at Appellant's plea–and because the plea was knowingly, understandingly, and voluntarily made–I discern no basis in the record for the reversal of her conviction.

---

[5] *United States v. Dayton*, 604 F.2d 931, 939 (5th Cir. 1979).

[6] *See McCarthy v. United States*, 394 U.S. 459 (1969); *Boykin v. Alabama*, 395 U.S. 238 (1969).

**Issue II**

**Appellant's waiver of appeal, bars the appeal of this conviction.**

**The enumerated exceptions to the waiver do not apply.**

## <u>Standard of Review</u>

A guilty plea involves the waiver of several constitutional rights, thus it must be made knowingly and voluntarily.[7] "Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea."[8] Because Appellant made no objections concerning his plea, the Court must apply plain error analysis.[9] Under plain error review, Appellant has the burden of showing that the error affected his "substantial rights."[10] The Court "may consult the whole record when considering the effect of any error on substantial rights."[11] In addition, relief on plain error review is within the Court's sound discretion, "which [the Court] will not exercise unless the

---

[7] *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir.2002).

[8] *United States v. Reyes*, 300 F.3d at 558.

[9] *United States v. Vonn*, 535 U.S. 55, 58 (2002).

[10] *United States v. Vonn*, 535 U.S. at 62-63.

[11] *United States v. Vonn*, 535 U.S. at 62-63.

error seriously affected the fairness, integrity, or public reputation of judicial proceedings."[12]

**Argument**

It should first be noted that the United States, on September 30, 2016, filed a Motion to dismiss Appellant's appeal, based on Appellant's appeal waiver set out in the plea agreement:

> **11.** Waiver of right to appeal or otherwise challenge sentence: Marroquin waives his rights, conferred by 28 U.S.C. § 1291and18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Marroquin reserves the right (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.[13]

---

[12] *United States v. Reyes*, 300 F.3d at 558.

[13] ROA.145

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."[14] The court didn't accept Appellant's guilty plea or the plea agreement without first addressing him and determining that the plea was voluntary and not the result of force or threats or other promises. The Court further determined that Appellant knew he was giving up his right to appeal all except for the circumstances set forth the plea agreement; the court recited the appeal waiver's specific exceptions.[15] It also made specific inquiries of Appellant and Appellant's counsel–and then made specific and separate findings as to the voluntariness of the appeal waiver.[16] The third exception to the waiver–to "voluntariness"–does not apply.

It remains, therefore, only to determine whether any of the remaining three enumerated exceptions to the appeal waiver applies. As stated previously, the first exception allows Appellant to appeal if the Court imposes a sentence in excess of the statutory maximum. The statutory maximum sentence of incarceration for the charged count was 20 years. Appellant was sentenced to a term of imprisonment

---

[14] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

[15] ROA.260

[16] ROA.95

of 240 months, which is the statutory maximum sentence. Thus the exception does not apply.

The second exception to the appeal waiver allows for an appeal if there were any arithmetic errors in the guidelines calculations. The presentence report ("PSR") used the November 1, 2015, Guidelines Manual and neither the base offense level calculations (as set out, above) nor the Criminal History category calculations evince arithmetic error. As such, the second exception does not apply.

The final (fourth) exception to the appeal waiver allows Appellant to bring a claim of ineffective assistance of counsel. As a general rule, this Court does not review claims of ineffective assistance of counsel on direct appeal. An exception is made if the record below allows for a fair evaluation of the merits of the claim.[17] The instant case does not fit into this exception because the record does not provide information on the attorney's trial strategies, the motivations behind his trial tactics, or the extent of his investigations. As a result, this Court would not consider a claim of ineffective assistance of counsel in this appeal.

Further, Appellant has reserved the right to bring a claim of ineffective assistance of counsel in a motion pursuant to 28 U.S.C. § 2255 which provides him the appropriate vehicle to bring such a claim following the conclusion of this direct

---

[17] *United States v. Higdon*, 832 F.2d at 313-314; *Massaro v. United States*, 538 U.S. 500, 508 (2003) (reserving this exception for situations of "apparent" or "obvious" shortcomings of counsel).

appeal. This procedure would allow Appellant to develop material outside the record to support any such claim.

## III.

**Appellant's post-sentencing letter to the district court does not defeat the district court's in-depth Rule 11 inquiry into the appeal waiver.**

### <u>Standard of Review</u>

A guilty plea involves the waiver of several constitutional rights, thus it must be made knowingly and voluntarily.[18] "Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea."[19] Because Appellant made no objections concerning his plea, the Court must apply plain error analysis.[20] Under plain error review, Appellant has the burden of showing that the error affected his "substantial rights."[21] The Court "may consult the whole record when considering the effect

---

[18] *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir.2002).

[19] *United States v. Reyes*, 300 F.3d at 558.

[20] *United States v. Vonn*, 535 U.S. 55, 58 (2002).

[21] *Id.* at 62-63.

of any error on substantial rights."[22]  In addition, relief on plain error review is within the Court's sound discretion, "which [the Court] will not exercise unless the error seriously affected the fairness, integrity, or public reputation of judicial proceedings."[23]

## **Analysis**

During its Rule 11 colloquy, the district court used an interpreter and took great pains to ensure that Appellant understood the gravity of the appeal waiver provision, even opting to make specialized findings of voluntariness:

| | |
|---|---|
| Court: | Do you understand that in some circumstances you or the government may appeal my sentence? |
| Appellant: | Yes, sir. |
| Court: | And do you understand that in paragraph 12 of your plea agreement, which is contained on page 6, you are waiving your right of appeal and of post-conviction challenge to your conviction and sentence, except in very limited circumstances? |
| Appellant: | Yes, sir. |
| Court: | When you entered into paragraph 12 of the plea agreement, in particular, did you understand the rights that you were giving |

---

[22] *Id.* at 62-63.

[23] *United States v. Reyes*, 300 F.3d at 558.

> up and did you voluntarily choose to give up those rights?
>
> Appellant: Yes.
>
> Court: Counsel, are you satisfied that your client knowingly and voluntarily entered into paragraph 12 of the plea agreement, in particular?
>
> Counsel: I am satisfied, Your Honor.
>
> Court: I find that Mr. Marroquin knowingly and voluntarily entered into paragraph 12 of the plea agreement, in particular.

(ROA.95)

To be sure, after sentencing Appellant did write a letter to the Court, in which he advised that he did not understand the implications of his appeal waiver. (ROA.58) But that letter does not defeat the district court's in-depth and comprehensive Rule 11 inquiries into Appellant's understanding of his plea agreement, generally, and of the appeal-waiver provision, in particular. To the extent the latter is indicative of any proposition, e.g., Appellate counsel's actions and explanations, that proposition would necessarily arise, if at all, in a collateral proceeding.

## IV.

**The record does not support a claim that the sentence imposed was substantively unreasonable.**

<u>**Analysis**</u>

Appellant's trial counsel did not object to the substantive [un]reasonableness of the sentence. But there is no indication that the sentence was unreasonable in light of this Courts' prior rulings following *Gall v. United States*.[24] The record does not suggest that the guidelines were incorrectly calculated; that the district court considered the guidelines to be mandatory; or that the district court failed to support its sentence by citing to the 3553(a) factors.[25] Thus the sentence is not procedurally unreasonable. Appellant cannot claim that the district court erred by considering the applicable Guidelines when imposing sentence.[26]

Furthermore, any argument regarding the Appellant's characteristics and nature "essentially asks this court to reweigh the Sections 3553(a) factors which it may not do under *Gall*."[27] Because the sentence was within the advisory guideline range, it is presumed reasonable.[28] Finally, this Court has routinely cited *Gall*'s

---

[24] *Gall v. United States*, 128 S.Ct. 586 (2007).

[25] USCA:135-40.

[26] *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, ___ U.S. ___, 130 S.Ct. 378 (2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.2008); *see also Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

[27] *United States v. Leitner*, 344 F. App'x 950, 952 (5th Cir. 2009) (per curiam) (unpublished disposition).

[28] *Rita v. United States*, 551 U.S. 338, 346 (2007); *United States v. Mares*, 402 F. 3d 511, 519 (5th Cir. 2005).

mantra - "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."[29] - in denying appeals raising substantive reasonableness challenges.[30]

---

[29] *Gall v. United States*, 128 S.Ct. at 597.

[30] *United States v. Armstrong*, 550 F.3d 382, 404-407 (5th Cir. 2008) (Approving upward variance to 60 months from guideline range of 41-51 months.); *United States v. Williams*, 517 F.3d 801, 811-813 (5th Cir. 2008) (Approving upward variance to 172 months from guideline range of 97-121 months); *United States v. Ellsworth*, 286 F. App'x 194, 195 (5th Cir. 2008) (per curiam) (unpublished disposition) (Approving upward variance to 60 months imprisonment from guideline range of 18-24 months imprisonment); *United States v. Palacios*, 273 F. App'x 321, 326-328 (5th Cir. 2008) (per curiam) (unpublished disposition) (Approving upward variance to 44 months imprisonment from guideline range of 15-21 months imprisonment.); *United States v. Teal*, 269 F. App'x 468, 469 (5th Cir. 2008) (per curiam) (unpublished disposition) (Approving upward variance to 41 months from guideline range of 30-37 months imprisonment); *United States v. Herrera-Garduno*, 519 F.3d 526, 531-532 (5th Cir. 2008) (Approving upward variance to 60 months imprisonment from guideline range of 21-27 months).

## Conclusion

In accordance with *Anders v. California*, 386 U.S. 738 (1967), counsel has examined the record for issues which might arguably support an appeal. In the opinion of counsel, there are no such issues. There being no legally nonfrivolous basis for an appeal in this case, counsel hereby moves to withdraw from this case in accordance with the requirements of *Anders v. California*, and asks the Court to rule on this appeal in accordance therewith.

Respectfully submitted,

/s/ Jerry V. Beard
**JERRY V. BEARD**
Assistant Federal Public Defender
Northern District of Texas
525 Griffin Street, Suite 629
Dallas, Texas 75202
(214) 767-2746
jerry_beard@fd.org

**Certificate of Service**

I certify that on this the 28th day of November, 2016, the initial brief was served via ECF and by separate email to counsel for the Respondent, Assistant United States Attorney Wes Hendrix at Wes.Hendrix@usdoj.gov . I further certify that: 1) all privacy redactions have been made pursuant to 5th Cir. Rule 25.2.13; 2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. Rule 25.2.1; and 3) the document has been scanned for viruses with the most recent version of Norton Anti-virus and is free of viruses.

I further certify that I have reasonably attempted to communicate, in a manner and a language understood by the defendant: (i) that counsel has fully examined the record and reviewed the relevant law and there are no meritorious issues for appeal; (ii) that counsel has therefore moved to withdraw; (iii) that if granted, the motion will result in dismissal of the appeal; but (iv) the defendant has the right to file a response in English, opposing counsel's motion within 30 days of the filing of counsel's certificate of service. *See United States v. Moreno-Torres*, 768 F.3d 439 (5th Cir. 2014).

Finally, a copy was sent to Mr. Victor Hugo Marroquin, Register No. 50100-177, FCI Oakdale II, Federal Coorectional Institution, P.O. Box 5010, Oakdale, LA 71463.

/s/ Jerry V. Beard
**JERRY V. BEARD**
**Assistant Federal Public Defender**

## Certificate of Compliance

Pursuant to Rule 32(a)(7) of the Federal Rules of Appellate Procedure, the undersigned certifies this brief complies with the type-volume limitations announced in Rule 32(a)(7)(B)(i) of the Federal Rules of Appellate Procedure.

1.    This Brief contains 5,122 words in proportionately spaced typeface.

2.    The brief has been prepared in proportionately spaced typeface using WordPerfect X3, Garamond 14 pt.  Footnotes are in Garamond 12 pt.

3.    The undersigned understand a material misrepresentation in completing this certificate, or circumvention of the type-volume limits states in Rule 32(a)(7) of the Federal Rules of Appellate Procedure, may result in the Court striking the brief and imposing sanctions against the person signing the brief.

/s/ Jerry V. Beard
**JERRY V. BEARD**
**Assistant Federal Public Defender**